IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Wilder Corporation and Maurice Wilder, <br><br> Plaintiffs, <br><br> vs. <br><br> Flying Buffalo, Inc. and Curt Hepper, Individually. <br> Defendants. | Case No.   1:16-cv-39 |

## COMPLAINT

TO THE DEFENDANTS FLYING BUFFALO, INC. AND CURT HEPPER:

COMES NOW the above-named plaintiff, who alleges and states to the Court as follows:

### I. PARTIES, JURISDICTION, VENUE

1. Plaintiff Wilder Corporation ("Wilder Corporation") is a corporation incorporated under the laws of the state of Delaware, headquartered in Clearwater, Florida, is engaged in the business of raising buffalo in North and South Dakota, and is the seller in this contract action.

2. Plaintiff Maurice Wilder ("Wilder"), owner of Wilder Ranch, is a resident of Clearwater, Florida, and is the lessor in this contract action.

3. Defendant Flying H Buffalo, Inc. ("Flying H Buffalo") is a corporation incorporated under the laws of the state of North Dakota, headquartered in Raleigh, North Dakota, is engaged in the business of raising buffalo, and is the buyer in this contract action.

4. Defendant Curt Hepper ("Hepper"), to the best of the plaintiff's knowledge and belief, is a resident of Raleigh, North Dakota, is engaged in the business of farming and ranching in North Dakota, and is the lessee in this contract action.

5. Jurisdiction exists by virtue of 28 United States Code Section 1332.

6. Venue in this district is proper under 28 United States Code Section 1391(a).

7. The amount in controversy is greater than $75,000, exclusive of interest and costs.

8. As to choice of laws, pursuant to the parties' buffalo sale agreement and cash lease which entailed the leasing of Wilder Ranch land located in both North Dakota and South Dakota as well as the on-site purchase of Wilder Ranch buffalo located in both North Dakota and South Dakota, the parties had stipulated "to the laws and the jurisdiction of the State of South Dakota for the interpretation and enforcement of this agreement." See Buffalo Sale Agreement and Cash Lease attached hereto as Exhibit 1.

## II.   FACTUAL BACKGROUND

9. On or about October 21, 2014, the parties entered into a buffalo sale agreement and one-year cash lease whereby Lessor Wilder agreed to lease the Wilder Ranch, comprised of approximately 14,838.85 acres of real estate in Corson County, South Dakota and approximately 4,760 acres of real estate in Sioux County, North Dakota along with certain tribal leases, to Lessee Hepper for one year. See Exhibit 1. In addition, Seller Wilder Ranch agreed to sell approximately 3,500 head of buffalo cows, bulls, yearlings and calves of which the Seller was to sell 3,500 animals to Buyer Flying H Buffalo, and which the Buyer was to purchase from the Seller.

10. The parties consummated the sale of the buffalo, but Hepper and Flying H Buffalo did not remove their livestock and machinery from the Wilder Ranch by the end of the lease

agreement, November 1, 2015. Hepper and Flying H Buffalo stayed on the Wilder Ranch premises for a period of forty (40) days past the November 1, 2015 termination date. Wilder is therefore entitled to restitution from Hepper and Flying H Buffalo for their continued occupation of the Wilder premises beyond the termination date of the lease agreement.

11. Pursuant to the terms of the parties' lease agreement, Lessee Hepper "agrees to indemnify and save Lessor (Wilder) harmless against any and all claims, demands, damages, costs and expenses, including reasonable attorney's fees, arising from the conduct or management of the business conducted by Lessee or from any breach or default on the part of Lessee to be performed pursuant to the terms of this Lease..." Exhibit 1.

12. Wilder Corporation sold Wilder Ranch to a subsequent buyer, who was to take possession subsequent to the November 1, 2016 termination of Wilder's lease agreement with Hepper. As a direct and proximate result of Hepper's holdover on Wilder's property, Wilder and Wilder Corporation had to pay damages to the buyer of Wilder Ranch in the amount of $67,500.

13. Under South Dakota law, the measure of damages for a holdover client of real property is double the yearly value of the property for the time of withholding, in addition to compensation for the detriment occasioned thereby. In this case, Wilder Ranch's damages and detriment are as follows:

```
$118,136.99 -  leasehold land, doubled
$6,780.00 -    BIA leased land, doubled
$67,500.00 -   fee paid to new owners for delay
$1,643.17 -    utilities through November 7, 2015
$1,255.01 -    December, 2015 utilities
$195,315.17
```

### III.   CAUSE OF ACTION

14. Wilder incorporates by reference the allegations contained in Paragraphs One through Thirteen as though fully set forth herein.

15. As a direct and proximate result of the Hepper and Flying H Buffalo's lease holdover, Hepper breached the parties' cash lease agreement, causing Wilder and Wilder Corporation to incur damages in the amount of $195,315.17, together with pre-judgment and post-judgment interest, and attorney's fees.

### IV.   PRAYER FOR RELIEF

16. **WHEREFORE**, the plaintiffs pray for a judgment of liability against the defendants as follows:

17. Damages in an amount not less than $195,315.17 or in such an amount as may be proven later at trial, together with pre-judgment and post-judgment interest thereon, with costs and disbursements, together with reasonable attorneys fees.

18. For such other and further relief as the Court deems just and proper.

Dated this 26 day of February, 2016.

**DAVID R. BLISS**
**BLISS LAW FIRM, LLC**
Attorneys for Plaintiff
400 E Broadway, Suite 308
P.O. Box 4126
Bismarck, ND 58502-4126
PH: (701) 223-5769
FX: (701) 222-3586
dbliss@blisslaw.com

By: David R. Bliss (#04729)

4